**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CHARLES A. JAMESON,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. 2:24-cv-4023** |
| | : | |
| **v.** | : | **Judge Algenon L. Marbley** |
| | : | |
| **CHALMERS P. WYLIE** | : | **Magistrate Judge Elizabeth P. Deavers** |
| **AMBULATORY CARE CTR.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before this Court on Plaintiff Charles A. Jameson's Objection (ECF No. 8) to the Magistrate Judge's Report and Recommendation (ECF No. 7).  For the reasons stated below, that Report and Recommendation is **ADOPTED**.  Accordingly, Jameson's Objection (ECF No. 8) is **OVERRULED**, and the case is to be **DISMISSED WITHOUT PREJUDICE**.

On October 4, 2024, Jameson filed a *pro se* complaint against Defendants Chalmers P. Wylie Ambulatory Care Center and the Department of Veteran Affairs.  (*See* ECF No. 1 at 1).  It seemed Jameson had not effectuated service on the Defendants, however, as required by the federal rules of civil procedure.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against the defendant or order that service be made within a specified time.").  On January 7, 2025, the Magistrate Judge issued a Show Cause Order directing Jameson to explain why his case should not be dismissed for lack of service, and why he should be granted an extension of time to effectuate said service.  (ECF No. 5 at 1).  Jameson submitted a Sworn Affidavit on January 27, 2025, (ECF No. 6 at 1–2), which the Magistrate Judge construed as a response to the Show

1

Cause Order.  (ECF No. 7 at 1).  On January 29, 2025, the Magistrate Judge recommended that this Court dismiss Jameson's action without prejudice pursuant to Federal Rule of Civil Procedure Rule 41(b).  (*Id.* at 1).

On February 10, 2025, Jameson objected to the Report and Recommendation.  Jameson seems to have believed that the Magistrate Judge's Show Cause Order was raising evidentiary issues related to his filings.  He argued that his responses with "supporting documents" and "evidence" were timely and should be considered, and requested that his action not be dismissed. (ECF No. 8 at 1).  This matter is now ripe for review.

When reviewing a party's objections to a Report and Recommendation, a district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C § 636(b); *accord* Fed. R. Civ. P. 72(b)(3).  Upon review, the district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by magistrate judge."  28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3).  General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). At the same time, district judges construe a *pro se* litigant's filing liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Magistrate Judge recommended dismissal without prejudice of Jameson's claims against the Defendants for his failure to show cause as to why he had not served process within the required time limit under Rule 4(m).  Rule 4(m) requires a plaintiff to serve a defendant within 90 days of filing a complaint.  An action must be dismissed without prejudice if a defendant is not served within this timeframe, unless the "plaintiff shows good cause" for that

service failure.  Fed. R. Civ. P. 4(m); *see United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022) ("If a plaintiff demonstrates good cause for the failure to timely serve process, the court must extend the time for service.  But absent a finding of good cause, the court retains discretion as to whether or not to enlarge that timeframe.") (citations omitted).

Jameson did not explain in his response to the Magistrate Judge's Show Cause Order why he should receive additional time to serve defendants.  Instead, he submitted a "Sworn Affidavit" addressing the merits of his case.  (ECF No. 6 at 1–2).  After the Magistrate Judge recommended that this case be dismissed without prejudice due to Jameson's "failure to timely effectuate service" and "failure to prosecute," (ECF No. 7 at 1), Jameson did not address either issue in his Objection.  Instead, he only discussed evidentiary issues.  (ECF No. 8 at 1).

Accordingly, Jameson's Objection (ECF No. 8) is **OVERRULED**, and this Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation.  (ECF No. 7).  This case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  February 9, 2026**

3